IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY MONDRAGON,

        Petitioner,               No. 2:10-cv-0362 GEB KJN P

    vs.

MICHAEL MARTELL,

        Respondent.         ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 18, 2011, the undersigned granted the petition and ordered respondent to release petitioner within sixty days if a new parole suitability was not held. Judgment was entered and this case was closed on January 18, 2011.

        Because of the recent decision by the United States Supreme Court in Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011), the undersigned vacates the January 18, 2011 order and orders the petition denied.

        In the instant petition, petitioner claims that his federal constitutional right to due process was violated by a 2008 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.

        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a

1

due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted); see also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Allen, 482 U.S. at 376-78.

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout, 2011 WL 197627, at *2. In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the

"minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.

Here, the record reflects that petitioner was present at the 2008 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 9-1, at 85-119; Dkt. No. 9-2, at 1-67.) According to the United States Supreme Court, the federal due process clause requires no more. Accordingly, petitioner's application for a writ of habeas corpus is denied.

On January 21, 2011, respondent filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) on grounds that petitioner had already received the remedy ordered by the court. Because the previous order granting the petition is vacated, respondent's motion for relief from judgment is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 18, 2011 order granting the petition and judgment (dkt. nos. 17 & 18) are vacated;

2. Petitioner's application for a writ of habeas corpus is denied;

3. Respondent's January 21, 2011 motion for relief from judgment (dkt. no. 19) is denied; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: February 9, 2011

GARLAND E. BURRELL, JR.
United States District Judge